UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFF N. FORTNER, | ) | NO. ED CV 05-1000-CT |
| Plaintiff, | ) | OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

For the reasons set forth below, it is ordered that the decision of the Commissioner of Social Security ("the Commissioner") is AFFIRMED because it is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

Plaintiff, Jeff N. Fortner ("plaintiff"), received a partially favorable administrative decision (TR 4, 5, 8, 13, 16) entitling him to benefits for some, but not all, of the period for which he seeks them. On November 2, 2005, plaintiff filed a complaint seeking judicial review of the Commissioner's decision pursuant to the Social Security Act ("the Act"). On November 22, 2005, the parties filed a consent to proceed before the magistrate judge. On February 8, 2006, plaintiff filed a

brief with points and authorities in support of recommend or reversal. On March 6, 2006, the Commissioner filed a brief in support of answer. [If plaintiff files a reply, insert information here].

## SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On June 19, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since June 12, 2002 due to Chron's disease, depression and left upper thigh surgery. (TR 70-72).[1] The application was denied initially and upon reconsideration. (TR 49-52, 53-56).

On January 21, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 40). On January 11, 2005, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 310-43). The ALJ also considered vocational expert ("VE") and medical expert ("ME") testimony. On March 16, 2005, the ALJ issued a decision that plaintiff was disabled, as defined by the Act, from June 12, 2002 - June 30, 2003 because he met the relevant Listing of Impairments rendering him presumptively disabled. However, the ALJ also found that plaintiff improved as of July 1, 2003 and was no longer disabled because he could perform a broad range of light work such as mail clerk, office helper and library page. (TR 17). Thus, the ALJ decided plaintiff was not entitled to benefits after July 1, 2003. (TR 12-18). On April 6, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 7). On

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

September 14, 2005, the request was denied. (TR 4-6). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

### 2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

### PLAINTIFF'S CONTENTIONS

Plaintiff essentially contends he is disabled and entitled to benefits because the ALJ failed to:

1. Properly consider his treating psychologist's opinion;
2. Properly develop the record regarding the treating psychiatrist; and,
3. Properly rate his mental impairment.

### STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for

3

rehearing." 42 U.S.C. §405(g).

## DISCUSSION

### 1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform

4

other kinds of work.  The person is entitled to benefits only if the person is unable to perform other work.  20 C.F.R. §404.1520; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).

    2.   <u>Issues</u>

The gravamen of plaintiff's contentions is that the ALJ failed to adequately develop the record so that the opinions of his treating psychologist, Dr. Seymour, and treating psychiatrist, Dr. Horowitz, could be properly considered.

A mental impairment, such as depression or psychoneurosis, may constitute a disability within the meaning of the Act.  <u>See</u> <u>Briggs v. Sullivan</u>, 954 F.2d 534, 535 (9th Cir. 1992).  However, the mere presence of a mental impairment does not establish entitlement to benefits.  In order for plaintiff to recover benefits, the evidence must establish that the impairment is accompanied by a physiological or functional loss establishing an inability to engage in substantial gainful activity.  <u>Barker v. Secretary of Health and Human Servs.</u>, 882 F.2d 1474, 1477-78 (9th Cir. 1989).  Alleged mental impairments are evaluated under the same five-step sequential analysis as physical impairments.

A treating physician's opinion is not necessarily conclusive as to the ultimate issue of disability.  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted).  The weight given a treating physician's opinion depends, in part, on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 404.1527.  The Commissioner may not reject a treating physician's opinion without providing "specific and legitimate reasons" for doing so which are supported by substantial evidence.  <u>Rollins v. Massanari</u>,261 F.3d 853, 856 (9th Cir. 2001); <u>Tonapetyan v.</u>

Halter, 242 F.3d 1144, 1148-49 (9th Cir. 2001).  However, "[a]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole," or "by objective medical findings."  Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ did not err in giving minimal evidentiary weight to the opinions of the plaintiff's treating physician where opinion was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of the plaintiff's medical conditions, and was based on the plaintiff's subjective descriptions of pain).  The ALJ in this case found plaintiff **was** disabled through June 30, 2003, but not thereafter.  On August 27, 2003, Dr. Seymour submitted a one paragraph letter addressed "to whom it may concern" which was unaccompanied by treatment records. The letter diagnosed plaintiff with major depression and concluded that while plaintiff was learning to cope better with his physical limitations, he was not at the level of being able to maintain a job. (TR 259)

This letter was unaccompanied by any treatment notes and plaintiff stated he was seeing Dr. Seymour because of marital problems which were resolving by September 2003.  (TR 261-62, 319).  However, he testified at the time of the hearing that while he was not currently seeing a psychologist, he saw a psychiatrist, Dr. Horowitz until December 2003 for depression.  There are no records from Dr. Horowitz in the file and plaintiff indicated that he began seeing Dr. Horowitz in March 2001 more than a year before he stopped working in June 2002.  (TR 76, 317-19).  Thus, plaintiff implicitly conceded he was able to work for some period of time despite his depression.  Moreover, the consultative board

certified psychiatrist concluded that plaintiff could perform simple and repetitive tasks, as well as detailed and complex ones, accept instructions, interact appropriately with coworkers and the public, work on a consistent basis and maintain regular attendance. (TR 264-65).

Current counsel accepted appointment in this matter on November 12, 2003. (TR 45). On February 17, 2004 and November 16, 2004, plaintiff and his current counsel were notified in writing by the ALJ "if there is more evidence you want me to consider, get it to me right away." (TR 21,23, 25, 43). Prior to the Appeals Council's denial of his request for review, he was notified in writing that he should submit any new evidence he wanted considered with his request for review to the appeals counsel. (TR 9). Notwithstanding these advisements, neither Dr. Seymour's nor Dr. Horowitz's treatment records were submitted.

The court agrees with plaintiff that the ALJ has a duty to fully and fairly develop the record, even when plaintiff is represented by counsel. Tonapetyan v. Halter, 1144, 1150 (9th Cir. 2001); Brown v. Heckler, 713 F. 2d 441, 443 (9th Cir. 1983). However, this duty is not unlimited. See Mayes v. Massanari, 276 F. 3d 453 , 459 (9th Cir. 2001). Against the factual background in this case, the court concludes the ALJ's attempts to do so are supported by substantial evidence and free from material legal error. Based on the record in this case, the court reaches the same conclusion with respect to plaintiff's contentions that the Commissioner improperly evaluated his mental impairment.

## CONCLUSION

Plaintiff clearly has severe impairments and he is entitled to benefits for the period of time he was found disabled by these impairments by the ALJ. However, a plaintiff who can currently perform

work in the national economy, even with a severe impairment, is not disabled as that term is defined by the Act.  <u>See</u> <u>generally</u> <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1395 (9th Cir. 1991).  Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner.  <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d at 1457.  Accordingly, the decision of the Commissioner is affirmed.

DATED: March 14, 2006

                    /s/
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE